Official Form 1 (04/10)

| United States Bankruptcy Court | Voluntary Petition |
| --- | --- |
| **NORTHERN** DISTRICT OF **ILLINOIS** | |

| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse)(Last, First, Middle): |
| --- | --- |
| **Clark, Anthony D.** | **Clark, Karen B.** |

| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| --- | --- |
| **NONE** | **NONE** |

| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **6166** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **5878** |
| --- | --- |

| Street Address of Debtor (No. & Street, City, and State): | | Street Address of Joint Debtor (No. & Street, City, and State): | |
| --- | --- | --- | --- |
| **10 Red Bud Court** **Bolingbrook IL** | ZIPCODE **60490** | **10 Red Bud Court** **Bolingbrook IL** | ZIPCODE **60490** |

| County of Residence or of the Principal Place of Business: **Will** | County of Residence or of the Principal Place of Business: **Will** |
| --- | --- |

| Mailing Address of Debtor (if different from street address): | | Mailing Address of Joint Debtor (if different from street address): | |
| --- | --- | --- | --- |
| **SAME** | ZIPCODE | **SAME** | ZIPCODE |

| Location of Principal Assets of Business Debtor (if different from street address above): **NOT APPLICABLE** | | ZIPCODE |
| --- | --- | --- |

| **Type of Debtor** (Form of organization) (Check **one** box.) | **Nature of Business** (Check **one** box.) | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box) |
| --- | --- | --- |
| ☒ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.* ☐ Corporation (includes LLC and LLP) ☐ Partnership ☐ Other (if debtor is not one of the above entities, check this box and state type of entity below | ☐ Health Care Business ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B) ☐ Railroad ☐ Stockbroker ☐ Commodity Broker ☐ Clearing Bank ☐ Other | ☒ Chapter 7          ☐ Chapter 15 Petition for Recognition ☐ Chapter 9              of a Foreign Main Proceeding ☐ Chapter 11        ☐ Chapter 15 Petition for Recognition ☐ Chapter 12            of a Foreign Nonmain Proceeding ☐ Chapter 13 |

**Tax-Exempt Entity** (Check box, if applicable.)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check one box)

☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose"          ☐ Debts are primarily business debts.

**Chapter 11 Debtors:**

**Check one box:**

☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D).

☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (amount subject to adjustment on 4/01/13 and every three years thereafter).

**Check all applicable boxes:**

☐ A plan is being filed with this petition

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Filing Fee** (Check one box)

☒ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

| **Statistical/Administrative Information** | THIS SPACE IS FOR COURT USE ONLY |
| --- | --- |
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors. ☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☒ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☒ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

Official Form 1 (04/10)                                                                                          FORM B1, Page   2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | *Anthony D. Clark and* *Karen B. Clark* |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** | (If more than two, attach additional sheet) | |
|---|---|---|
| Location Where Filed: *NONE* | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** | (If more than one, attach additional sheet) | |
|---|---|---|
| Name of Debtor: *NONE* | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr><td colspan="2" align="center"><b>Exhibit A</b></td><td colspan="2" align="center"><b>Exhibit B</b></td></tr>
<tr><td colspan="2">(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11)</td><td colspan="2">(To be completed if debtor is an individual whose debts are primarily consumer debts)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. §342(b).</td></tr>
<tr><td colspan="2">☐ Exhibit A is attached and made a part of this petition</td><td colspan="2">X   */s/ Sara J. Gray*                                          *2/11/2011*<br>    Signature of Attorney for Debtor(s)                        Date</td></tr>
</table>

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and exhibit C is attached and made a part of this petition.
☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒ Exhibit D completed and signed by the debtor is attached and made part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

Official Form 1 (04/10)                                                                                   FORM B1, Page 3

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>*Anthony D. Clark and*<br>*Karen B. Clark* |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b)

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** */s/ Anthony D. Clark*
───────────────────────────
Signature of Debtor

**X** */s/ Karen B. Clark*
───────────────────────────
Signature of Joint Debtor

───────────────────────────
Telephone Number (if not represented by attorney)

*2/11/2011*
───────────────────────────
Date

### Signature of Attorney*

**X** */s/ Sara J. Gray*
───────────────────────────
Signature of Attorney for Debtor(s)

*Sara J. Gray 6273540*
Printed Name of Attorney for Debtor(s)

*Sara J. Gray, PC*
Firm Name

*822 W. Jefferson St., Suite 2D*
Address

*Joliet IL  60435*

*(815) 723-4543*
Telephone Number

*2/11/2011*
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** ───────────────────────────
Signature of Authorized Individual

───────────────────────────
Printed Name of Authorized Individual

───────────────────────────
Title of Authorized Individual

───────────────────────────
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** ───────────────────────────
(Signature of Foreign Representative)

───────────────────────────
(Printed name of Foreign Representative)

───────────────────────────
(Date)

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

───────────────────────────
Printed Name and title, if any, of Bankruptcy Petition Preparer

───────────────────────────
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

───────────────────────────
Address

**X** ───────────────────────────

───────────────────────────
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re *Anthony D. Clark*                                                      Case No. _____
    *and*                                                                              (if known)
    *Karen B. Clark*

_____
                   **Debtor(s)**

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**WARNING: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒    1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐    2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐    3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

    **If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐     4.  I am not required to receive a credit counseling briefing because of:     *[Check the applicable statement]*
*[Must be accompanied by a motion for determination by the court.]*

☐     Incapacity. (Defined in 11 U.S.C. § 109 (h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐     Disability. (Defined in 11 U.S.C. § 109 (h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐     Active military duty in a military combat zone.

☐     5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:     */s/ Anthony D. Clark*

Date:     *2/11/2011*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re *Anthony D. Clark*
   *and*
   *Karen B. Clark*

Case No.

Chapter    7

_____
              Debtor(s)

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**WARNING: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒    1. Within the 180 days **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.  *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐    2. Within the 180 days **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not I have a certificate from the agency describing the services provided to me.  *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐    3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.
*[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit briefing.**

☐    4.  I am not required to receive a credit counseling briefing because of:  *[Check the applicable statement]*
*[Must be accompanied by a motion for determination by the court.]*

☐    Incapacity. (Defined in 11 U.S.C. § 109 (h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐    Disability. (Defined in 11 U.S.C. § 109 (h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐    Active military duty in a military combat zone.

☐    5.  The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    */s/ Karen B. Clark* _____

Date:    *2/11/2011* _____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re *Anthony D. Clark and Karen B. Clark*

Case No.

Chapter   **7**

_____ / Debtor

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data"if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A-Real Property | *Yes* | *1* | $      250,000.00 | | |
| B-Personal Property | *Yes* | *3* | $       31,216.50 | | |
| C-Property Claimed as Exempt | *Yes* | *1* | | | |
| D-Creditors Holding Secured Claims | *Yes* | *2* | | $      314,552.94 | |
| E-Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | *Yes* | *1* | | $            0.00 | |
| F-Creditors Holding Unsecured Nonpriority Claims | *Yes* | *5* | | $      145,400.78 | |
| G-Executory Contracts and Unexpired Leases | *Yes* | *1* | | | |
| H-Codebtors | *Yes* | *1* | | | |
| I-Current Income of Individual Debtor(s) | *Yes* | *1* | | | $        5,702.51 |
| J-Current Expenditures of Individual Debtor(s) | *Yes* | *2* | | | $        6,062.77 |
| TOTAL | | 18 | $      281,216.50 | $      459,953.72 | |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re *Anthony D. Clark and Karen B. Clark*

Case No.

Chapter **7**

_____ / Debtor

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C  § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ *0.00* |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ *0.00* |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ *0.00* |
| Student Loan Obligations (from Schedule F) | $ *99,116.00* |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ *0.00* |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ *0.00* |
| **TOTAL** | $ *99,116.00* |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ *5,702.51* |
| Average Expenses (from Schedule J, Line 18) | $ *6,062.77* |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $ *7,347.34* |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ *45,270.85* |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | $ *0.00* | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ *0.00* |
| 4. Total from Schedule F | | $ *145,400.78* |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ *190,671.63* |

In re *Anthony D. Clark and Karen B. Clark*                                            Case No. _____
_____                              (if known)
Debtor

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of     __19__   sheets, and that they are true and correct to the best of my knowledge, information and belief.


Date: _____          Signature   */s/ Anthony D. Clark*
                                                    **Anthony D. Clark**


Date: _____          Signature   */s/ Karen B. Clark*
                                                    **Karen B. Clark**

                                    [If joint case, both spouses must sign.]


Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

FORM B6A (Official Form 6A) (12/07)

In re **Anthony D. Clark and Karen B. Clark** _____ ,  Case No._____
Debtor(s)  (if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| *Single Family--10 Red Bud Court, Bolingbrook, IL 60490* | *Tenants by the Entirety* | J | $ 250,000.00 | $ 250,000.00 |
| | | | | |

No continuation sheets attached

**TOTAL $**  *250,000.00*

**(Report also on Summary of Schedules.)**

B6B (Official Form 6B) (12/07)

In re _Anthony D. Clark and Karen B. Clark_ ,                    Case No. _____
                        Debtor(s)                                                    (if known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | *Canals & Trails Credit Union Checking & Savings* Location: In debtor's possession | W | $ 300.00 |
| | | *Husband's Chase Checking* Location: In debtor's possession | H | $ 100.00 |
| | | *Joint Chase Checking & Savings* Location: In debtor's possession | J | $ 500.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | Various Household Goods Location: In debtor's possession | J | $ 5,000.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | Various Used Clothing Location: In debtor's possession | J | $ 150.00 |
| 7.  Furs and jewelry. | | Various Jewelry Location: In debtor's possession | J | $ 600.00 |

**B6B (Official Form 6B) (12/07)**

In re **Anthony D. Clark and Karen B. Clark** _____ ,   Case No. _____
_____ Debtor(s)                                                                              (if known)

## SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H<br>Wife--W<br>Joint--J<br>Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interest in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | *Husband's Pension with McCook Metals, LLC*<br>*Location: In debtor's possession*<br><br>*Teacher's Retirement*<br>*Location: In debtor's possession*<br><br>*Wife's 403(b)*<br>*Location: In debtor's possession* | J<br><br><br>J<br><br><br>J | *Unknown*<br><br><br>*Unknown*<br><br><br>*$ 2,937.90* |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts Receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

B6B (Official Form 6B) (12/07)

In re **Anthony D. Clark and Karen B. Clark** _____,      Case No. _____
                                    Debtor(s)                                                              (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | None | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as described in 11 U.S.C. 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers and other vehicles and accessories. | | *2005 Nissan Frontier--60,000 miles* *Location: In debtor's possession* | J | $ 8,800.00 |
| | | *2006 Nissan Altima--19,200* *Location: In debtor's possession* | J | $ 12,828.60 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Page ___3___ of ___3___                                                          Total ➡        $ 31,216.50

(Report total also on Summary of Schedules.)
Include amounts from any continuation sheets attached.

B6C (Official Form 6C) (04/10)

In re _Anthony D. Clark and Karen B. Clark_____,     Case No. _____
                    Debtor(s)                                                                    (if known)

# SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:      ☐ Check if debtor claims a homestead exemption that exceeds $146,450.*

(Check one box)

☐ 11 U.S.C. § 522(b) (2)

☒ 11 U.S.C. § 522(b) (3)

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemptions |
|---|---|---|---|
| _Canals & Trails Credit Union Checking & Savings_ | _735 ILCS 5/12-1001(b)_ | $ 300.00 | $ 300.00 |
| _Husband's Chase Checking_ | _735 ILCS 5/12-1001(b)_ | $ 100.00 | $ 100.00 |
| _Joint Chase Checking & Savings_ | _735 ILCS 5/12-1001(b)_ | $ 500.00 | $ 500.00 |
| _Various Household Goods_ | _735 ILCS 5/12-1001(b)_ | $ 5,000.00 | $ 5,000.00 |
| _Various Used Clothing_ | _735 ILCS 5/12-1001(a)_ | $ 150.00 | $ 150.00 |
| _Various Jewelry_ | _735 ILCS 5/12-1001(b)_ | $ 600.00 | $ 600.00 |
| _Husband's Pension with McCook Metals, LLC_ | _735 ILCS 5/12-1006_ | $ 0.00 | Unknown |
| _Teacher's Retirement_ | _40 ILCS 5/16-190_ | $ 0.00 | Unknown |
| _Wife's 403(b)_ | _735 ILCS 5/12-1006_ | $ 2,937.90 | $ 2,937.90 |
| _2005 Nissan Frontier_ | _735 ILCS 5/12-1001(c)_ | $ 2,346.51 | $ 8,800.00 |

Page No. ___1___ of ___1___

* Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B6D (Official Form 6D) (12/07)

In re _Anthony D. Clark and Karen B. Clark_____,    Case No. _____
               **Debtor(s)**                                                      (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including ZIP Code and Account Number *(See Instructions Above.)* | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No: *4170*<br><br>*Creditor # : 1*<br>*Chase Bank USA, NA*<br>*Attn:  Home Equity Loan Serv*<br>*PO Box 24714*<br>*Columbus OH 43224* | J | *2nd Mortgage*<br><br><br><br>Value: *$ 250,000.00* | | | | *$ 56,230.65* | *$ 45,270.85* |
| Account No: *6456*<br><br>*Creditor # : 2*<br>*Fifth Third Bank*<br>*38 Fountain Square Plaza*<br>*Cincinnati OH 45263* | J | *Purchase Money Security*<br><br><br><br>Value: *$ 8,800.00* | | | | *$ 6,453.49* | *$ 0.00* |
| Account No: *4206*<br><br>*Creditor # : 3*<br>*Wells Fargo DLSVC*<br>*PO Box 1697*<br>*Winterville NC 28590* | J | *Purchase Money Security*<br><br><br><br>Value: *$ 12,828.60* | | | | *$ 12,828.60* | *$ 0.00* |
| 1 continuation sheets attached | | | | | Subtotal $<br>(Total of this page) | *$ 75,512.74* | *$ 45,270.85* |
| | | | | | Total $<br>(Use only on last page) | | |
| | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

B6D (Official Form 6D) (12/07)    - Cont.

In re _Anthony D. Clark and Karen B. Clark_ ,      Case No. _____
         **Debtor(s)**                                               **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address Including ZIP Code and Account Number *(See Instructions Above.)* | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No: **6749**<br><br>**Creditor # : 4**<br>**Wells Fargo Home Mortgage**<br>**PO Box 10335**<br>**Des Moines IA 50306** | **J** | **Mortgage**<br><br><br>Value: **$ 250,000.00** | | | | **$ 239,040.20** | **$ 0.00** |
| Account No:<br><br> | | <br><br>Value: | | | | | |
| Account No:<br><br> | | <br><br>Value: | | | | | |
| Account No:<br><br> | | <br><br>Value: | | | | | |
| Account No:<br><br> | | <br><br>Value: | | | | | |
| Account No:<br><br> | | <br><br>Value: | | | | | |

Sheet no. 1 of 1 continuation sheets attached to Schedule of Creditors
Holding Secured Claims

| | | |
|---|---|---|
| Subtotal $<br>(Total of this page) | **$ 239,040.20** | **$ 0.00** |
| Total $<br>(Use only on last page) | **$ 314,552.94** | **$ 45,270.85** |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

B6E (Official Form 6E) (04/10)

In re _Anthony D. Clark and Karen B. Clark_ ,   Case No._____

    **Debtor(s)**                                                                                                (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts NOT entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**No continuation sheets attached**

B6F (Official Form 6F) (12/07)

In re _Anthony D. Clark and Karen B. Clark_____ ,       Case No._____
              **Debtor(s)**                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed.  R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:  *2081* <br><br> *Creditor # : 1* <br> *Adventist Bolingbrook Hospital* <br> *500 Remington Blvd* <br> *Bolingbrook IL 60440* | | J | *Medical Bills* | | | | *$ 278.01* |
| Account No:  *2081* <br><br> *Representing:* <br> *Adventist Bolingbrook Hospital* | | | *Malcon S. Gerald and Associate* <br> *332 S Michigan Ave Suite 600* <br> *Chicago IL 60604* | | | | |
| Account No:  *2081* <br><br> *Representing:* <br> *Adventist Bolingbrook Hospital* | | | *Merchants Credit* <br> *223 W. Jackson St.* <br> *Chicago IL 60606* | | | | |
| Account No:  *5177* <br><br> *Creditor # : 2* <br> *AES/PHEAA Natnl Ln* <br> *1200 N. 7th St.* <br> *Harrisburg PA 17102* | | W | *Student Loan* | | | | *$ 22,591.00* |

_4_ continuation sheets attached

Subtotal $     *$ 22,869.01*

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07) - Cont.

In re _Anthony D. Clark and Karen B. Clark_____ ,      Case No. _____

                    **Debtor(s)**                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   5177<br>Creditor # : 3<br>AES<br>PO Box 2461<br>Harrisburg PA 17105 | | W | Student Loan | | | | $ 11,354.00 |
| Account No:   2724<br>Creditor # : 4<br>American Medical Collection Ag<br>2269 S. Saw Mill River Road,<br>Building 3<br>Elmsford NY 10523 | | J | Collection Agency | | | | $ 160.00 |
| Account No:   2736<br>Creditor # : 5<br>American Medical Collection Ag<br>2269 S. Saw Mill River Road,<br>Building 3<br>Elmsford NY 10523 | | J | Collection Agency | | | | $ 174.50 |
| Account No:   4006<br>Creditor # : 6<br>Best Buy/HSBC<br>PO Box 15521<br>Wilmington DE 19850-5521 | | J | Credit Card Purchases | | | | $ 2,120.06 |
| Account No:   2617<br>Creditor # : 7<br>Capital One<br>PO Box 26074<br>Richmond VA 23260 | | J | Credit Card Purchases | | | | $ 4,450.09 |
| Account No:   2617<br>Representing:<br>Capital One | | | Blatt Hasenmiller et al.<br>125 S. Wacker, Ste. 400<br>Chicago IL 60606-4440 | | | | |

Sheet No. ___1___ of ___4___ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $   $ 18,258.65

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re _Anthony D. Clark and Karen B. Clark_____,     Case No._____
     **Debtor(s)**                                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   2617<br><br>**Representing:**<br>**Capital One** | | | MRS Associates, Inc.<br>1930 Olney Ave.<br>Cherry Hill NJ 08003 | | | | |
| Account No:   8731<br><br>Creditor # : 8<br>Chase Card Services<br>PO Box 15298<br>Wilmington DE 19850-5298 | | J | Credit Card Purchases | | | | $ 5,941.31 |
| Account No:   1097<br><br>Creditor # : 9<br>Dell Financial Services<br>1 Dell Way PS2DF-2<br>Round Rock TX 78682 | | J | Credit Card Purchases | | | | $ 2,828.28 |
| Account No:   1097<br><br>**Representing:**<br>**Dell Financial Services** | | | Blatt Hasenmiller et al.<br>125 S. Wacker, Ste. 400<br>Chicago IL 60606-4440 | | | | |
| Account No:   5966<br><br>Creditor # : 10<br>Emergency Healthcare Physician<br>c/o State Collection Services<br>2509 S. Stoughton Rd.<br>Madison WI 53716 | | W | Medical Bills | | | | $ 99.00 |
| Account No:   5364<br><br>Creditor # : 11<br>Emergency Healthcare Physician<br>c/o State Colleciton Service<br>2509 S. Stoughton Rd.<br>Madison WI 53716 | | W | Medical Bills<br>Work related injury. Joint Debtor<br>not responsible | | | X | $ 910.00 |

Sheet No.   2   of   4   continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $          $ 9,778.59

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re _Anthony D. Clark and Karen B. Clark_____ ,   Case No._____
          **Debtor(s)**                                                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| **Account No:** 2996 <br> Creditor # : 12 <br> Fed Loan Services <br> PO Box 69184 <br> Harrisburg PA 17106 | | W | Student Loan | | | | $ 5,700.00 |
| **Account No:** 4406 <br> Creditor # : 13 <br> GE Money Bank/Empire <br> PO Box 981439 <br> El Paso TX 79998 | | J | Credit Card Purchases | | | | $ 9,810.30 |
| **Account No:** 2302 <br> Creditor # : 14 <br> GEMB/Carstar <br> PO Box 981438 <br> El Paso TX 79998 | | J | Consumer | | | | $ 63.00 |
| **Account No:** 3789 <br> Creditor # : 15 <br> Lowes/GEMB <br> PO Box 981400 <br> C811 <br> El Paso TX 79998-1400 | | J | Credit Card Purchases | | | | $ 4,450.09 |
| **Account No:** 3789 <br> Representing: <br> Lowes/GEMB | | | Zwicker & Associates, PC <br> 7366 N. Lincoln Ave., Ste. 404 <br> Lincolnwood IL 60712 | | | | |
| **Account No:** <br> Creditor # : 16 <br> Persels & Associates, LLC <br> 29 W. Susquehanna Av. <br> Towson MD 21204 | | J | Attorneys Fees | | | | $ 2,383.00 |

Sheet No. _3_ of _4_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

**Subtotal $**     $ 22,406.39

**Total $**

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re _Anthony D. Clark and Karen B. Clark_____ ,      Case No._____
_____**Debtor(s)**_____                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   2007  Creditor # : 17  Sallie Mae  PO Box 9500  Wilkes Barre PA 18773-9500 | | J | Student Loan | | | | $ 55,249.00 |
| Account No:   2007  Creditor # : 18  Sallie Mae  PO Box 9500  Wilkes Barre PA 18773-9500 | | J | Student Loan | | | | $ 4,222.00 |
| Account No:   5864  Creditor # : 19  Target National Bank  3901 West 53rd  Sioux Falls SD 57106-4216 | | J | Credit Card Purchases | | | | $ 11,852.14 |
| Account No:   8528  Creditor # : 20  WFNNB/The Roomplace  PO Box 182125  Bankruptcy Department  Columbus OH 43218-2125 | | J | Credit Card Purchases | | | | $ 765.00 |
| Account No: | | | | | | | |
| Account No: | | | | | | | |

Sheet No.   **4**  of   **4**  continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $    $ 72,088.14

Total $    $ 145,400.78

(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6G (Official Form 6G) (12/07)

In re **Anthony D. Clark and Karen B. Clark**                                        / Debtor          Case No. _____

                                                                                                                                    (if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State the nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract. | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
|  |  |

B6H (Official Form 6H) (12/07)

In re **_Anthony D. Clark and Karen B. Clark_** _____ / Debtor      Case No. _____

(if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preeceding the commencement of the case, identify the name of the debtors spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| | |

B6I (Official Form 6I) (12/07)

In re _Anthony D. Clark and Karen B. Clark_____ ,   Case No. _____
                        **Debtor(s)**                                                    (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: _Married_ | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): _Daughter_ | AGE(S): _23_ |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | _Service Clerk_ | _Teacher_ |
| Name of Employer | _Meijer_ | _Valley View School District_ |
| How Long Employed | _11 years_ | _19 years_ |
| Address of Employer | _225 S. Weber Rd._ _Bolingbrook IL 60490_ | _755 Dalhart Ave._ _Romeoville IL 60446_ |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---:|---|---:|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 2,362.97 | $ | 4,854.24 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 2,362.97 | $ | 4,854.24 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|   a. Payroll taxes and social security | $ | 431.73 | $ | 563.51 |
|   b. Insurance | $ | 18.46 | $ | 20.84 |
|   c. Union dues | $ | 0.00 | $ | 109.31 |
|   d. Other (Specify): _Retirement & Retirement Health_ | $ | 0.00 | $ | 499.03 |
|     _Wage Garnishment_ | $ | 322.49 | $ | 0.00 |
|     _United Way Donation_ | $ | 8.67 | $ | 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 781.34 | $ | 1,192.68 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 1,581.62 | $ | 3,661.56 |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | 0.00 | $ | 0.00 |
| 8. Income from real property | $ | 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | 0.00 | $ | 0.00 |
| 11. Social security or government assistance (Specify): | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 459.33 | $ | 0.00 |
| 13. Other monthly income (Specify): | $ | 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 459.33 | $ | 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 2,040.95 | $ | 3,661.56 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | | $ | 5,702.51 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re  _Anthony D. Clark and Karen B. Clark_____ ,          Case No. _____
                    **Debtor(s)**                                                            (if known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22 A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 2,156.70 |
|     a. Are real estate taxes included?  Yes ☒  No ☐ | | |
|     b. Is property insurance included?  Yes ☒  No ☐ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 300.00 |
|     b. Water and sewer | $ | 75.00 |
|     c. Telephone | $ | 100.00 |
|     d. Other  _Cable & Internet_ | $ | 135.00 |
|     Other | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 50.00 |
| 4. Food | $ | 550.00 |
| 5. Clothing | $ | 100.00 |
| 6. Laundry and dry cleaning | $ | 40.00 |
| 7. Medical and dental expenses | $ | 155.00 |
| 8. Transportation (not including car payments) | $ | 323.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renter's | $ | 0.00 |
|     b. Life | $ | 161.69 |
|     c. Health | $ | 0.00 |
|     d. Auto | $ | 200.00 |
|     e. Other | $ | 0.00 |
|     Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage) | | |
| (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|     a. Auto | $ | 285.55 |
|     b. Other  _2nd Car_ | $ | 249.53 |
|     c. Other  _2nd Mortgage_ | $ | 362.30 |
|     Line 13 Continuation Page Total (see continuation page for itemization) | $ | 719.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other:  _Pet Food & Vet_ | $ | 100.00 |
|     Other: | $ | 0.00 |
| | | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES  Total lines 1-17. Report also on Summary of Schedules | $ | 6,062.77 |

and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
|     a. Average monthly income from Line 16 of Schedule I | $ | 5,702.51 |
|     b. Average monthly expenses from Line 18 above | $ | 6,062.77 |
|     c. Monthly net income (a. minus b.) | $ | (360.26) |

B6J(Official Form 6J)(12/07) Continuation Page

In re <u>Anthony D. Clark and Karen B. Clark</u>                    ,          Case No. _____
                    **Debtor(s)**

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR
**(Continuation page)**

**13. (continuation) OTHER INSTALLMENTS**

| | | |
|---|---|---|
| *Student Loans-Husband* | $ | *359.00* |
| *Student Loans-Wife* | $ | *360.00* |
| **Line 13 Continuation Page Total (seen as line item "13" on Schedule J)** | $ | *719.00* |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re:*Anthony D. Clark*
   *and*
   *Karen B. Clark*

Case No.

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not diclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## *DEFINITIONS*

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor my also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

---

### 1. Income from employment or operation of business

None  ☐  State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                              SOURCE

*Year to date:  $10,250*
   *Last Year:  $83,173*
*Year before:  $77,050*

---

### 2. Income other than from employment or operation of business

None  ☐  State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                              SOURCE

*Year to date:  $1341.54*        *Husband's Pension*
   *Last Year:  $7,312*

AMOUNT                                              SOURCE

*Year before:  $7,312*

---

### 3. Payments to creditors

None
☒

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor, made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☒

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filingunder chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

---

None
☒

c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| *Dell v. Anthony Clark,* | *Civil* | *Will County Circuit Clerk* | *Pending* |
| *Capital One v. Anthony Clark, 10SC8443* | *Small Claims* | *Will County Circuit Court* | *Post Judgment* |
| *GE Money Bank v. Anthony Clark, 11SC205* | *Small Claims* | *Will County Circuit Court, Joliet, IL* | *Pending* |

---

None
☐

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME AND ADDRESS OF PERSON FOR            DATE OF
WHOSE BENEFIT PROPERTY WAS SEIZED         SEIZURE          DESCRIPTION AND VALUE OF PROPERTY

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Name:*  *Capital One*<br>*Address:* | *Weekly* | *Description: Wages*<br>*Value:  $700* |

---

**5. Repossessions, foreclosures and returns**

None ☒

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**6. Assignments and receiverships**

None ☒

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**7. Gifts**

None ☒

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**8. Losses**

None ☒

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**9. Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Payee: Sara J. Gray*<br>*Address:*<br>*822 W. Jefferson St., Suite 2D*<br>*Joliet, IL 60435* | *Date of Payment:*<br>*Payor: Anthony D. Clark* | *$1,000.00* |
| *Payee: Purcells & Assoc.*<br>*Care One Program* | *Date of Payment:*<br>*Payor: Anthony D. Clark* | *$447/mo since 11/2009 to debt cons. co.* |

Statement of Affairs - Page 3

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

*Address:*

---

### 10. Other transfers

None ☒    a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☒    b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a benificiary.

---

### 11. Closed financial accounts

None ☒    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 12. Safe deposit boxes

None ☒    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 13. Setoffs

None ☒    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 14. Property held for another person

None ☒    List all property owned by another person that the debtor holds or controls.

---

### 15. Prior address of debtor

None ☒    If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

---

### 16. Spouses and Former Spouses

None ☒    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

None ☒

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor,
including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar termunder an Environmental Law:

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

None ☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**

None ☒

a. If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses      in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencment of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses      in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencment of this case.

None ☒

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   *2/11/2011*                     Signature   */s/ Anthony D. Clark*
                                       of Debtor

Date   *2/11/2011*                     Signature   */s/ Karen B. Clark*
                                       of Joint Debtor
                                       (if any)

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re *Anthony D. Clark and Karen B. Clark*

Case No.
Chapter  **7**

_____ / Debtor

## CHAPTER 7 STATEMENT OF INTENTION - HUSBAND'S DEBTS

**Part A -**   Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

Property No.

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *None* | |

Property will be (check one) :

☐ Surrendered        ☐ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____   (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt        ☐ Not claimed as exempt

**Part B -**   Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

Property No.

| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): |
|---|---|---|
| *None* | | ☐ Yes        ☐ No |

### Signature of Debtor(s)

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date:  *2/11/2011*_____        Debtor:  */s/ Anthony D. Clark*

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re *Anthony D. Clark and Karen B. Clark*

Case No.

Chapter  7

_____ / Debtor

## CHAPTER 7 STATEMENT OF INTENTION - WIFE'S DEBTS

**Part A -**   Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

Property No.

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *None* | |

Property will be (check one) :

☐ Surrendered      ☐ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____   (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt      ☐ Not claimed as exempt

**Part B -**   Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

Property No.

| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): |
|---|---|---|
| *None* | | ☐ Yes      ☐ No |

### Signature of Debtor(s)

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: _2/11/2011_____        Debtor:  */s/ Karen B. Clark*_____

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re *Anthony D. Clark and Karen B. Clark*                                    Case No.
                                                                              Chapter  7

_____/ Debtor

## CHAPTER 7 STATEMENT OF INTENTION - JOINT DEBTS

**Part A -**    Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate.
              Attach additional pages if necessary.)

---

Property No. *1*

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *Wells Fargo Home Mortgage* | *Single Family* |

Property will be (check one) :

☐ Surrendered       ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☒ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☒ Claimed as exempt        ☐ Not claimed as exempt

---

Property No. *2*

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *Chase Bank USA, NA* | *Single Family* |

Property will be (check one) :

☐ Surrendered       ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☒ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☒ Claimed as exempt        ☐ Not claimed as exempt

---

---

**Property No.** *3*

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *Fifth Third Bank* | *2005 Nissan Frontier* |

Property will be (check one) :

☐ Surrendered   ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☒ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☒ Claimed as exempt   ☐ Not claimed as exempt

---

**Property No.** *4*

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *Wells Fargo DLSVC* | *2006 Nissan Altima* |

Property will be (check one) :

☐ Surrendered   ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☒ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☒ Claimed as exempt   ☐ Not claimed as exempt

---

**Part B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

**Property No.**

| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): |
|---|---|---|
| *None* | | ☐ Yes   ☐ No |

---

### Signature of Debtor(s)

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: *2/11/2011*          Debtor: */s/ Anthony D. Clark*

Date: *2/11/2011*          Joint Debtor: */s/ Karen B. Clark*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re  *Anthony D. Clark*
    *and*
  *Karen B. Clark*

Case No.
Chapter **7**

/ Debtor

Attorney for Debtor:  *Sara J. Gray*

# STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1. The undersigned is the attorney for the debtor(s) in this case.

2. The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
   a) For legal services rendered or to be rendered in contemplation of and in connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ *1,000.00*
   b) Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . $ _____ *1,000.00*
   c) The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ *0.00*

3. $ _____ *299.00* _____ of the filing fee in this case has been paid.

4. The Services rendered or to be rendered include the following:
   a) Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under title 11 of the United States Code.
   b) Preparation and filing of the petition, schedules, statement of financial affairs and other documents required by the court.
   c) Representation of the debtor(s) at the meeting of creditors.

5. The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and
   *None other*

6. The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and
   *None other*

7. The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for the value stated:
   *None*

8. The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm, any compensation paid or to be paid except as follows:
   *None*

Dated: *2/11/2011*         Respectfully submitted,

X *Ⲥ/s/ Sara J. Gray* _____

Attorney for Petitioner: *Sara J. Gray*
                       *Sara J. Gray, PC*
                       *822 W. Jefferson St., Suite 2D*
                       *Joliet IL  60435*

                       *(815) 723-4543*
                       *sgraylaw@yahoo.com*